[No. 42843. En Banc. November 27, 1974.]

*In the Matter of the Estate of* ARTHUR OCHSNER, *Deceased.*
ELIZABETH OCHSNER, *Appellant,* v. ROBERT H. OCHSNER,
*as Executor, Respondent.*

[See 40 Am. Jur. 2d, Homestead §§ 174-177.]

*John R. Stair,* for appellant.

*Richard D. Harris* and *R. Michael Stocking,* for respondent.

WRIGHT, J.—In this case the question is whether the limit on an award in lieu of homestead is based on value at the time of death or at the time of the award.

On June 25, 1971, appellant's husband died testate leaving a net estate of about $200,000, of which appellant received about 20 percent under the will. Decedent omitted from the will the usual provisions giving the family home and household goods to appellant spouse. There was no life insurance, pension or trust fund and decedent's children were grown.

Appellant, the surviving widow, petitioned the court for an award of specific stocks based on values at the time of decedent's death. The court found on the date of the hearing said stocks had increased in value between the date of death and the date of the award from approximately $15,000 to approximately $26,000. The court awarded stocks

which were worth $15,000 on the date of the award. This appeal followed.

The award was made under the authority of RCW 11.52.010 and .020, which were enacted as Laws of 1971, 1st Ex. Sess., ch. 12, §§ 2, 3. Both sections contain reference to the value of "fifteen thousand dollars *at the time of death.*" (Italics ours.)

▉ Respondent and the trial court relied upon RCW 11.52.024 and .016 which were amended by Laws of 1972, 1st Ex. Sess., ch. 80, § 1. The change was from the words, "the court shall not award more property than could be awarded under the law in effect at the time of the *death of the deceased spouse*" to the new wording, "the court shall not award more property than could be awarded under the law in effect at the time of the *granting of the award.*" (Italics ours.) This change relates only to whether the dollar limit in effect on the date of death or the dollar limit in effect at the date of the award should apply. In this instance, had it not been for the 1972 amendment, *supra,* appellant would have been entitled to only $10,000, for that was the limitation in effect on the date of death (1971).

The references in RCW 11.52.010 and .020 are to the value as established "at the time of death," which value is to be used in determining how much property may be included in an award in lieu of homestead, without exceeding the maximum dollar amount permitted. That statutory language is controlling herein. The judgment appealed from is reversed and remanded to the trial court with directions to enter judgment awarding to the appellant an award in lieu of homestead in accordance with this opinion.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.